THE CENTRAL RAILWAY COMPANY

*v.*

CARRIE ANKIEWICZ.

*Opinion filed February 21, 1905.*

1. INSTRUCTIONS—*when instruction as to form of verdict is not objectionable.* An instruction giving the following form of verdict in case the jury found for the plaintiff: "We, the jury, find the defendant guilty and assess the damages at $......, filling in the blank space with whatever amount you may find, if any," etc., is not objectionable as permitting the jury to award whatever damages they might choose, although no instruction as to the measure of damages was asked or given.

2. SAME—*party cannot predicate error on failure to give an instruction not requested.* Defendant in an action for personal injuries cannot urge a ground of reversal based upon the absence of any instruction upon the measure of damages, if no instruction upon that subject was requested.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Peoria county; the Hon. N. E. WORTHINGTON, Judge, presiding.

I. C. PINKNEY, for appellant.

THOMAS N. HASKINS, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The Appellate Court for the Second District affirmed a judgment recovered by appellee against appellant in the circuit court of Peoria county for damages on account of personal injuries alleged to have been sustained while alighting from one of appellant's street cars.

The only error alleged is the giving to the jury of the following instruction:

"The court instructs the jury that if you find the issues for the plaintiff, the form of your verdict may be: 'We, the jury, find the defendant guilty and assess the damages at $......,'—filling the blank space with whatever amount you may find, if any, writing the same on a separate sheet of paper and signing the same by your foreman."

It is said that it was prejudicial error to give this instruction because it permitted the jury to award such damages as they might choose, without confining them to the evidence or stating any legal rule for the allowance of damages. We do not consider the instruction subject to the objection made. It did not purport to lay down any rule for the assessment of damages or indicate to the jury that they were at liberty to award whatever amount they might think the plaintiff ought to recover. It merely gave to the jury a form of verdict in case they should find for the plaintiff, and as the amount of damages was necessarily left blank, it directed the jury to fill the blank space with the amount of damages awarded. It did not say to the jury that they might fill the blank with whatever amount they might see fit to award the plaintiff as damages, but only that the amount awarded should be inserted. There was nothing objectionable about the instruction, and the most that can be said is, that the jury were not instructed at all as to the measure of damages or the rules of law for estimating the same. There was no instruction on that subject, and it seems that neither party desired to have the court instruct the jury concerning damages. Appellant cannot complain that an instruction was not given which was not requested. *Drury* v. *Connell,* 177 Ill. 43; *Malott* v. *Hood,* 201 id. 202.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*